IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REYNALDO ZAVALA | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-130 |
| CHARLES DANIELS, WARDEN | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Reynaldo Zavala, a federal prisoner confined at FCC Beaumont with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner argues that his prior federal court convictions no longer qualify as predicate offenses under *Descamps v. United States*, 133 S.Ct. 2276 (2013), *Mathis v. United States*, 136 S.Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). After careful consideration, the Court finds the objections lacking in merit.

First, contrary to petitioner's belief, this Court is bound by Fifth Circuit case precedent. As outlined by the Magistrate Judge, *Descamps* and *Mathis* did not announce a new rule of law made retroactively applicable to cases on collateral review. *See United States v. Morgan*, 845 F.3d 664

(5th Cir. 2017) (*Descamps* did not announce a new rule of law that was retroactively applicable to cases on collateral review); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion that relied on *Mathis* because *Mathis* did not announce a new rule of constitutional law that was retroactively applicable to cases on collateral review).

Furthermore, the Fifth Circuit's decisions in *Hinkle* and *Tanksley* do not compel a different result as the court applied *Mathis* on direct appeal, not collateral review. Moreover, *Hinkle* and *Tanksley* were decided by the Fifth Circuit Court of Appeals and not by the Supreme Court.

Finally, petitioner's challenge to his sentence is not the type of claim that warrants relief under § 2241 because it challenges the punishment imposed rather than the conviction itself. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). As a result, petitioner's grounds for review fail to establish § 2255 is insufficient to challenge his detention.

Accordingly, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **10** day of **October, 2018.**

_____
Thad Heartfield
United States District Judge